IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-1819-ZLW-CBS

RHONDA KYLE,

    Plaintiff,

v.

BROWN & BIGELOW, INC., and
BILL SMITH, JR.,

    Defendants.

---

### STIPULATION REGARDING CONFIDENTIALITY

---

Plaintiff Rhonda Kyle and Defendants Brown & Bigelow, Inc. and William Smith, Jr., through their respective undersigned counsel, hereby submit this Stipulation Regarding Confidentiality. In support thereof, the parties state as follows:

### STIPULATION

WHEREAS, during the discovery conducted herein it may become necessary for the parties to inquire as to confidential business, financial and other matters not otherwise available to the public generally; and

WHEREAS, the parties mutually desire to protect and maintain the confidentiality of all such matters,

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that:

    The following definitions shall apply to this Stipulation:

  A As used herein, the term "confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be confidential, including specifically, but not exclusively, written discovery, deposition transcripts and documents, data or other information furnished during the course of this action which is designated by a party to be confidential. Each party shall designate any material it deems to be confidential in the following manner:

(1) By stamping all documents with the designation "Confidential".

(2) By imprinting the designation "Confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be confidential for a period of thirty (30) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the

    Court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph 3 of this Stipulation.

(4)    By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept confidential.

(5)    By affixing to the canister or cassette of all videotapes the designation "Confidential".

B.    As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, trial of this action, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

2.    Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials, and any information derived from such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel; (b) contractors of such counsel who are involved in the prosecution and/or defense of this action; (c) the parties themselves, including any officers, directors, employees or agents of the parties; (d) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action or to whom counsel for any party believes in good faith that it is

necessary that confidential materials be shown for the purpose of prosecution and/or defense of this action; and (e) the Court; provided, however, that: (1) Each such entity or person referred to in Subsections (a), (b), (c) and (d) of this Paragraph must execute an agreement to be bound by this Stipulation prior to the disclosure of any confidential materials to such entity or person; (2) such agreement to be bound by this Stipulation shall be in a form identical to that which is attached hereto as Exhibit A; and (3) a copy of each such executed agreement to be bound by this Stipulation shall be kept by the counsel of record who disclosed any confidential material to any such entity or person and shall be filed with the Court at the time of trial, or upon the execution of a settlement agreement and dismissal of this action.

    3.    All confidential materials, or confidential materials which are reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, written discovery or other documents, shall be filed in accordance with Section VI(2) of the United States District Court for the District of Colorado's ECF Procedures. More specifically, any document that is filed under seal must be accompanied with a contemporaneous motion to seal the document containing confidential materials. The document containing the confidential materials shall be filed using the docket event "Sealed Document." A notice of electronic filing ("NEF") will be generated for the sealed document, but the sealed document will not be viewable. Accordingly, parties may not use the court's electronic notice facilities to serve sealed documents. Service shall be made in accordance with the Federal Rules of Civil Procedure and a certificate of mailing must be attached to the filed document.

    4.    Upon termination of the prosecution and/or defense of this action, all recipients of confidential materials shall, if requested by a party, return all such confidential materials in their

possession, including all copies of such confidential materials that were made by them or at their direction, to the party who originally produced such material. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom confidential material was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all confidential material received pursuant to this Stipulation.

5. Any party may object to the designation by any other party of any material as confidential by notifying the party that designated the material as confidential in writing and stating the basis for its objection. If the parties thereafter are unable to resolve the matter, it shall be submitted to the Court for resolution. Pending resolution by the Court, all materials designated by a party to be confidential shall be treated as confidential.

6. Any entity which is not a party to this litigation may supply confidential business information and/or trade secret information to any party in accordance with the provisions of this Stipulation. Such confidential business information and/or trade secret information which has been designated as "Confidential" by a non-party and supplied to the parties pursuant to this Stipulation shall be protected by the parties in the same manner and to the same extent as information designated "Confidential" by a party.

7. The Court may make and enter its Order in conformity herewith upon application by any party ex parte and without further notice.

Respectfully submitted this 19th day of August, 2005

By: /s/ Brice A. Tondre
Brice A. Tondre
1821 Blake Street, Suite 2C
Denver, Colorado 80202-1287
(303) 296-3300
Attorney for Plaintiff

By: /s/ Matthew Brian Dillman
Matthew B. Dillman
Burns, Figa & Will, P.C.
6400 South Fiddlers Green Circle, Suite 1030
Englewood, Colorado 80111
(303) 796-2626

GREENE ESPEL, P.L.L.P.
Lawrence M. Shapiro, P.A.
William J. Otteson
200 S. 6th Street, Suite 1200
Minneapolis, MN 54402
612-373-0830

Attorney for Defendants

DATED at Denver, Colorado, this 23rd day of August, 2005.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Order Regarding Confidentiality of discovery materials dated August 2005, in the action entitled *Kyle v. Brown & Bigelow, Inc., et al.*; Case No. Civil Action No. 04-cv-1819-ZLW-CBS.

As a condition precedent to my examinations of any Confidential Discovery Materials in connection with this case, or my obtaining any information from said Confidential Discovery Materials, I hereby agree that this Stipulation and Order Regarding Confidentiality shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Stipulation and Order Regarding Confidentiality.

Dated: _____          _____
                                Name (Signature)


                                _____
                                Name (Printed)